## ADOLPHUS LEWANDO v. THOMAS DUNHAM and FREDERICK DIMON.

Every action should be prosecuted in the name of the real party in interest; and where the action was brought by an assignor of the original claimant, and the evidence showed that another person was to share in the proceeds of the judgment, *held*, that the complaint should have been dismissed, although the assignment to the plaintiff was in writing and under seal.

APPEAL by defendants from a judgment of the Marine Court. This action was brought by the plaintiff, as assignee of one C. Broglie, to recover the value of a trunk and contents from the defendants, who were owners of the ship "Harmonia," on board which it was shipped by C. Broglie at Havre, to be carried to New York, it never having been delivered there. The assignor being placed on the stand as a witness, proved an assignment in writing and under seal, by himself to the plaintiff; but, upon cross-examination, testified that he received $100 as the consideration for the assignment, and that the plaintiff and the assignor's brother-in-law were to have one-half of the judgment. The defendant's counsel moved to dismiss the complaint, upon the ground that the action was not brought in the name of the real party in interest. The motion was denied, and judgment having been rendered for the plaintiff, the defendants appealed on that and other grounds.

*Charles H. Hunt*, for the appellants.

*John O. Robinson*, for the respondent.

BRADY, J.—Broglie, the assignor, stated, on his cross-examination, that he received, as a consideration for the assignment of his claim against the defendants, the sum of $100, and that the plaintiff, to whom the claim was assigned, and the assignor's brother-in-law were *to have one-half of the judgment*. The de-

fendants moved for a nonsuit, on the ground that the action should have been brought in the name of the real parties in interest. The objection was well taken, and the complaint should have been dismissed.

The assignment to the plaintiff was under seal, it is true, but no objection to the examination of the assignor on this branch of the case was taken, and the plaintiff is concluded by his answers.

We have decided in *Hastings* v. *McKinley* (1 E. D. Smith, 273), that whether the plaintiff's title be legal or equitable, if he have the whole interest he may maintain an action. The plaintiff had not the whole interest. He and the brother-in-law of the assignor were to have one-half of the judgment. The witness did not state that each was to have one-half of the judgment, and may be understood to have meant one-half of the judgment to them collectively, reserving the other half to himself. However this may be, it is clear that the plaintiff had not the whole interest, and that this action could not be maintained in his name.

Sections 111 and 113 of the Code do not contain any class of exceptions which will save the plaintiff's case in this respect. The contract was not made for the benefit of the assignor's brother-in-law exclusively, but for his benefit and the benefit of the plaintiff; thus creating a joint interest in the recovery, and not an interest for the brother-in-law in the name of the plaintiff.

If the plaintiff could be regarded, as to the brother-in-law's interest, a trustee of an express trust within section 113, this action could not be maintained in its present form. The plaintiff's recovery must be *secundum allegata*, and he has made no allegation of any other than an individual claim against the defendants.

This view being fatal to the judgment, it is not necessary to consider the other questions presented, and the judgment must be reversed.