By the Court. Duer, J.
It would be a conclusive answer to the position upon which the counsel for the plaintiffs seemed disposed to lay the stress of his argument, namely, that there was an implied warranty that the goods purchased should be fit for the purpose for which it was known they were bought, that no such warranty, nor any facts from which it could arise, are alleged in the complaint. We cannot doubt, however, that the existence and terms- of an implied warranty, as material and traversable facts, are just as necessary to be alleged in the complaint, as those of an express warranty, where in each case the breach of the warranty is the cause of action, but as this objection to the argument, on the part of the plaintiffs, was not urged by the counsel upon the -trial, nor upon the hearing before us, we must presume that it was meant to be waived, and shall, therefore, place our decision upon other grounds.
Although, when goods are ordered and manufactured for a particular purpose, there is an implied warranty that they shall be fit for the purpose specified, we know of no adjudged case in which such a warranty has been implied where the contract was merely for the sale of. goods in their actual state, and certainly no such doctrine is to be found in any of the cases to which we were referred. We are satisfied, that, if there is any such decision, it will *224 be found, upon examination, that the facts in the case were widely different from those in the case before us. We are satisfied that such a warranty cannot be implied, either by the court or jury, merely from the facts that the purpose for which the goods were bought was known to the seller, and that he said at the time that, in his opinion, they were suitable for the purpose intended; still less can the warranty be implied, when an express warranty is proved to have been given, limited by its terms to a distinct and independent fact. We think that such an express warranty excludes the supposition that any larger one was intended than its •terms embrace.
Hence, if the plaintiffs, or their agents, in the present case, desired a larger warranty than the terms of the express warranty embraced, they should have required it to be given as a condition of their purchase: they had no right to rely upon a larger warranty as implied.
Hor can we assent to the second proposition, upon which the counsel for the plaintiffs insisted, namely, that the plaintiffs were entitled to recover the loss which they sustained in the sale of the hats containing a mixture of cotton, as consequential damages immediately and necessarily resulting from a breach of the express warranty as proved. These damages were not in any legal sense a necessary consequence of a breach of the terms of the warranty, they resulted solely from the use of the goods in the manufacture of hats, but this was a use to which the plaintiffs were under no necessity of applying the goods; they were at perfect liberty to apply them to a different purpose, or to sell them in their actual state. It is true that the damages which the plaintiffs claimed necessarily resulted from the unfitness of the goods for the purpose for which they were bought, but we have already shown that there was no warranty on the part of the defendants that the goods should be fit for the purpose intended. To hold that the defendants were liable for the damages claimed, would be to contradict ourselves by saying either that the terms of the express warranty embraced the fitness of the goods, or that there was an implied warranty of the same purport. Satisfied that there was no such warranty, express or implied, we cannot hold the defendants liable for damages resulting from its alleged breach. In truth, the second proposition of the learned counsel, although different in words, was *225 in substance the same as Ms first. It asserted in a different form the existence of an implied warranty.
It follows, from these observations, that the true and only rule of damages applicable to the case was exactly that wMch the Judge upon the trial instructed the jury to follow, and as there was no error in his charge there was certainly none in Ms exclusion of the evidence that had been offered to prove that the plaintiffs had in fact sustained the whole loss wMch they claimed as damages to recover; tMs evidence, if there was no error in the charge, was properly excluded as irrelevant, since it had no bearing upon any question that the jury could have been required to determine.
As none of the exceptions taken on the trial can be allowed, the order denying a new trial must be affirmed, and the appeal be dismissed, with costs.