## Hotchkiss and Wells vs. Gage.

Where a contract for the sale and purchase of goods is made, after the purchaser has inspected a part of the property—the whole being present at the time—and has weighed it, and a part of the purchase money is paid down, and the goods are delivered to a third person, to be by him delivered to the purchaser absolutely, on the payment of the balance of the purchase money, no action can be maintained by the purchaser—in the absence of an express warranty, and of all deceit or false representations—for a breach of waranty as to the quality of the goods.

In this state the only case in which warranty will be implied, on the sale of goods, is upon a sale by sample. In all other cases, the rule of *caveat emptor* applies, so far as the sale rests in contract.

APPEAL by the defendant from a judgment entered at a special term, upon the verdict of a jury. The action was brought upon a written contract for the sale and purchase of a quantity of oil of peppermint, to recover damages for an alleged breach of warranty. The answer was a general denial of the allegations in the complaint. The court denied a motion for a nonsuit, and the plaintiff obtained a verdict for $100.

*D. Morris,* for the appellant.

*T. Hastings,* for the respondents.

*By the Court,* E. DARWIN SMITH, J. The only point in this case in respect to which any allegation of error can be sustained, arises upon the motion for a nonsuit. The action is one of contract, upon a warranty of the quality of 24 cans of the oil of peppermint. No express warranty was proved, and the only basis for the claim, rests upon the language used in the contract or bill of sale describing the property. The language of the contract is, "This is to certify that I have this day sold, &c. twenty-four cans containing four hundred and seventy-eight pounds of pure oil of peppermint." When the plaintiff rested, he had proved this contract; that the defendant, on the day of the date of the contract, brought

the 24 cans of peppermint to the warehouse of Gov. Barry, in Michigan; that one of the plaintiffs and the witness, an agent for the plaintiffs, and others, were present.   The cans of oil were set into the said warehouse, and the plaintiff Wells and the witness Hotchkiss examined three of them. One they found good and pure, and two they found impure. They then weighed the cans and found they weighed 478 pounds and 14 ounces.   The contract of sale was then drawn, in which the weight of the cans is specified, and $800 of the purchase money was then paid.   The contract provided that the oil should be left with Franklin Wells of Constantine, to be delivered by him to the plaintiffs when the balance of the purchase money should be paid.   The contract was thus made after the plaintiff had inspected part of the property—the whole being present at the time—after the weight of it was ascertained; part of the purchase money was paid down, and the property delivered to a third person to be by him delivered absolutely on the payment of the balance of the purchase money.

In the absence of an express warranty, and of all deceit or false representations, I think it clear that in this state no action can be maintained in such a case.   It was decided in *Seixas* v. *Woods*, (2 *Caines*, 48,) where peachum wood was sold as brazilletto, and described as brazilletto in the bill of sale, that no warranty was to be implied from the description of the property sold, contained in a contract of sale or bill of parcels.   This rule has never been departed from, but has repeatedly been affirmed in this state, and among many others, in the case of *Hart* v. *Wright*, (17 *Wend.* 267; *S. C. in error*, 18 *id.* 449.)   In *Waring* v. *Mason*, also in the court of errors, (18 *Wend.* 425,) and in *Beirne* v. *Dord*, (1 *Seld.* 98.)   The only exception to this rule, and the only case of implied warranty recognized in the cases in this state, is upon a sale by sample.   In all other cases the rule of *caveat emptor* applies, so far as the sale rests in contract.   Of course there is a wide range for a recovery in cases of fraud or deceit,

or of false representations. The rule is otherwise in Massachusetts, and in most of the other states, which follow in this particular the rule of the civil law, that words of description in a contract, or bill of parcels, imply a contract of warranty that the property is of the kind, quality and description specified. Our rule requires the purchaser, if he means to rely upon a warranty, or to trust to it, to insist upon and obtain an *express warranty* at the time of the sale; otherwise he must look out for himself. In accordance with this rule the plaintiff should have been nonsuited at the trial, and the judgment should be reversed.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, Welles* and *Smith,* Justices.]