CORD vs. HIRSCH, impleaded &c.

For the purpose of an appeal, an order confirming a sale in in a foreclosure suit, and an order for a judgment for deficiency, may be considered as one, though entered separately in fact.

The objection that the party in whom is the equity of redemption of mortgaged premises is not made a party to the foreclosure suit, must be taken by demurrer or answer, or it is waived; and the mortgagor cannot object to a confirmation of the sale or to a judgment for any deficiency, on the ground that the equity of redemption was not extinguished, and that the premises, for that reason, brought much less at the sale than they otherwise would have brought.

Such sale was properly made and such judgment taken, although the plaintiff had, between the judgment and sale, received payment of the mortgage debt, and executed a satisfaction of the mortgage; the costs and accrued charges being unpaid.

The sale was properly made by the sheriff to whom the decretal order was originally

delivered, although his term of office expired before the sale. R. S. chap. 13, sec. 106.

It was no objection to such a judgment for deficiency, that the costs were greatly increased by repeated postponements, if such postponements were not caused by the fault of the plaintiff, but by an injunctional order of the court restraining the sale.

The omission of the sheriff, in signing a notice of postponement of a sale, to append his official title, was properly disregarded by the court on a motion to confirm the sale, it being a mere clerical error and affecting no substantial right.

APPEAL from the Circuit Court for *Washington* County. Foreclosure of a mortgage of real estate, executed January 4, 1859, to secure two notes of the same date for $110 each, payable in one and two years from date, with interest. On the first of November, 1859, one Elizabeth Moore purchased the mortgaged premises of *Hirsch*, and took a deed of him, which was recorded the next day. She immediately occupied the premises, and continued to own and occupy them until the commencement of this action, but was not made a party herein. Judgment of foreclosure and sale was rendered July 24th, 1860. Costs were taxed at $73.49. The premises were advertised to be sold on the 11th of December, 1860. On the 10th day of that month, said Elizabeth Moore, in an action against the plaintiff, *Cord*, obtaining an injunctional order restraining said sale until the further order of the court. See *Moore vs. Cord*, 14 Wis., 213. The sale was accordingly adjourned from time to time until February 14, 1862. On the 16th of November, 1861, the plaintiff, having received from said Elizabeth Moore the amount due on the mortgage notes, executed an acknowledgment of satisfaction of the mortgage. On the 14th of February, 1862, the premises were sold to the plaintiff for one dollar. The several adjournments and the sale were made by the person who was sheriff in 1860, though his term of office expired on the last day of that year. To one of the notices of adjournment his name was attached without any title of office. The same person made report of the sale, certifying his fees and disbursements at $146.10, and the

total deficiency in the proceeds of the sale at $497.11. The plaintiff moved to confirm the report and sale, and for a judgment over against the defendant for the sum of $219.59, with interest on $73.49 thereof from the date of the judgment, and on the balance, $146.10, from the day of sale. The defendant opposed the motion on an affidavit stating the above facts, and also that the mortgaged premises were worth $600, and would have readily sold for that amount if a good title could have been conveyed under said sale (i. e. if the equity of redemption of Elizabeth Moore would have passed thereby); that all the adjournments of said sale were made at the instance of the plaintiff, and without the consent of the defendant; and that by reason thereof the fees of the sheriff and charges for publication of the notice of sale, &c., had been very greatly increased. The court confirmed the report and sale, and by a separate order directed judgment to be entered against the defendant for $219.59, with interest as above. From these orders the defendant took a single appeal.

*Frisby & Weil*, for appellant:

1. As to our right to appeal from the two orders in one appeal, see *Gregory vs. Dodge*, 3 Paige, 90. 2. An action to foreclose a mortgage is a proceeding *in rem*. 2 Hilliard on Mort., p. 32, sec. 5 and p. 158, sec. 32, a. And the object of the foreclosure is to cut off the equity of redemption, and transfer to the purchaser an absolute title to the mortgaged property. Id., p. 1. The mortgagee can recover a judgment for deficiency only when he has fairly sold and appropriated the mortgaged property; and not when the proceedings had do not amount to a foreclosure, but are simply to obtain a judgment over against the maker of the note and mortgage. The sale must be *bona fide*. 1 Hilliard on Mort., 131; 3 Pick., 308. The courts of New York hold, that a foreclosure without making the owner of the equity of redemption a party, is a nullity. *In matter of Howe*, 1 Paige, 125; *Watson vs. Spence*, 20 Wend., 260. But in the case of *Stark vs. Brown*, 12 Wis., 572, this court holds that

such a proceeding will operate as an assignment to the purchaser, of the interest of the mortgagee in the mortgaged premises. In *Moore v. Cord*, 14 Wis., 213, the court say that it can have no effect beyond that. Here the *mortgagee* became the purchaser; and it seems clear that the foreclosure—so called—can have no effect for any purpose, but is void. And the fact that at the time of sale the mortgage was *paid and satisfied*, makes the proposition conclusive. A party is never allowed to shelter himself behind his own *laches*. It was from the plaintiff's neglect that Elizabeth Moore was not made a defendant in this action. The rule in pleading is, that the responsibility lies with him who commits the first fault. Stephens on Pleading, 144; *United States vs. White*, 2 Hill, 59; *Dobbs vs. Green*, 2 Wis., 228. And it seems that the *principle* should apply in this case, if it should be contended that the appellant should have set up the want of proper parties in his answer; for he was not obliged to examine records, and had a right to suppose that his co-defendant had acquired the equity of redemption, as there was no other apparent object of his being made a party to the action. If the orders appealed from are permitted to stand, it will be a reversal of the old and equitable rule, that he who first makes a mistake must suffer the consequences, and not his adversary. The want of proper parties was a jurisdictional defect, in reference to the ends sought, the action being *in rem*, and the pledge to be reached only through a certain person not a party to the action; and we know of no rule of law that requires the defendant to give the plaintiff the necessary information to enable him to properly institute his action, when that information is equally accessible to both. 3. The motion for judgment for deficiency provided in Laws of 1862, ch. 243, is to enable parties to dispense with an action at law for the balance after foreclosure, and not to give the plaintiff any greater rights touching that deficiency, than though he resorted to his action. After the notes and mortgage are paid and *satisfied*, an action at law could not be sustained for any bal-

ance. Sec. 3 of this act provides that, "in case the moneys arising from the *sale of the mortgaged premises*, shall be insufficient" &c. Can it be said that there has been a *sale* of the mortgaged premises here, within the meaning of that act, when it is conceded that no title passed? 4. It was contended that after entry of the judgment of foreclosure, the payment and satisfaction of the notes and mortgage dould have no effect on the subsequent sale, and the right of the plaintiff to judgment for deficiency. But (1). The mortgage must form a necessary link in the purchaser's chain of title; and upon that theory, Rule 33, 1857 (also N. Y. Rules Sup. Court, No. 49) provides that the mortgage shall be recorded before a deed is executed to the purchaser on foreclosure sale. (2). It is only in cases when the judgment extinguishes the instrument and takes the place of the original debt, that the instrument merges in, or is superseded by the judgment. (3). A party may proceed at law upon his bond or note, and foreclose at the same time. *Dunkley vs. Van Buren*, 3 Johns. Ch., 331; *Jones vs. Conde*, 6 id., 77; *Engle vs. Underhill*, 3 Edwards Ch., 249. (4). The action at law for deficiency is always upon the note or bond, and not upon the judgment or decree of foreclosure. Cases last cited; *Globe Ins. Company vs. Lansing*, 5 Cow., 380; *Spencer vs. Harford*, 4 Wend., 381. It is *because* there is a balance due upon the note and mortgage, after applying the proceeds of the sale, that the judgment for deficiency is entered, or an action for a balance is sustained. It will be seen by reference to the last cited cases, that the foreclosure of a mortgage, and sale under it, operates as an extinguishment of the debt no further than the amount produced by such sale; and until the sale takes place it extinguishes nothing. 5. The sale was void because the person by whom it was made was not sheriff at that time; and because one of the notices of postponement was not signed in his official capacity.

*A. C. Fraser*, for respondent, as to the effect of the defendant's failure to take the objection by demurrer or answer, that

Elizabeth Moore was not made a party to this action, cited R.
S., ch. 125, sec. 5, subd. 4, and secs. 8 and 9 ; Burrill's Law
Dic., " Waiver," 1054 ; 2 Bouvier's Law Dic., " Waiver," 639 ;
*Houghton vs. Kneeland*, 7 Wis., 244, 251 ; *Zabriskie vs. Smith*,
3 Kern., 322, 336 ; *Bidwell vs. The Astor Mutual Ins. Co.*, 16
N. Y., 263, 266 ; *Fosgate vs. The Herkimer M. Co.*, 2 Kern.,
580, 584 ; *The Gen. Mu. Ins. Co. vs. Benson*, 5 Duer, 168, 175 ;
*Lewis vs. Graham*, 4 Abb., 106, 108 ; *Gassett vs. Crocker*, 10 id.,
133, 134 ; *Sheldon vs. Wood*, 2 Bos., 267, 272 ; *Purchase vs. Mattison*, 6 Duer, 588, 593 ; *Bowdoin vs. Colman*, 6 id., 182, 190 ;
*Leavitt vs. Fisher*, 4 id., 1, 22 ; *Youngs vs. Seely*, 12 How., 395,
399 ; *Donnell vs. Walsh*, 6 Bos., 621, 625.

*By the Court*, DIXON, C. J.   For the purpose of appeal, the
order confirming the sale and that for judgment for deficiency
may be considered one.   In general practice they are obtained
upon a single motion and entered as one order.

View them as we may, the objections now chiefly urged
against the confirmation and judgment amount only to this :
that there is a defect of parties defendant in the action.   They
are founded upon the one essential fact, that Mrs. Moore, the
owner of the equity of redemption, was not joined as defendant.   If she had been, and judgment in form taken against
her, it is not nor could it well be insisted, that such judgment
was not to all intents valid and effectual.   But Mrs. Moore
was not joined, and the question is, whether the other defendants, or any of them, can now have the benefit of any objection arising from such omission.

We think not.   The legislature has fixed the time and manner in which such objections must be taken : by demurrer, if
they appear on the face of the complaint ; otherwise by answer.   R. S., ch. 125, secs. 5, 8.   If not so taken, the defendant shall be deemed to have waived the same.   Idem, sec. 9.
Such waiver is for all the purposes of the action, except, perhaps, those objections which may be raised at the trial by way

of variance or failure in proof to establish the cause of action set out. It is an abandonment of every objection or advantage of objection arising solely upon that ground—equivalent to a release of errors in that respect, or a formal admission of record by the defendants that the parties before the court are the proper parties and all the parties necessary to a complete and formal adjudication of the causes of action stated in the complaint. With the exception, therefore, of the cases in which objections may be and are taken at the trial, and which stand upon a distinct ground, the defendants, failing to demur or answer for that cause, cannot afterwards make the objection, or insist upon a want of proper parties in the same or any other form. It is as if the legislature had declared that thenceforth it shall be deemed that there is no defect of parties. *Moir v. Dodson*, 14 Wis., 279. The defendants accept the issues tendered, with all the consequences which might legitimately follow in case every necessary party was before the court. Hence the defendant *Hirsch* cannot resist a confirmation, or judgment for deficiency, on the ground that the equity of redemption was not extinguished, or that the sale passed nothing but the plaintiff's assignable interest in the mortgage.

The sale was properly made by the officer to whom the decretal order was originally delivered. R. S., chap. 13, sec. 106. The other objections, that the costs were unnecessarily increased by repeated postponements of the sale, and that the last notice of postponement was not signed by the sheriff officially, we think were properly disregarded by the court below. It was not the fault of the plaintiff that the sale did not take place at once. He was restrained by injunction, and proceeded with the sale the moment the disability was removed. The omission of the sheriff was a clerical mistake, affecting no substantial right. R. S., chap. 125, sec. 40.

Orders affirmed.