## ROBBINS VS. DEVERILL.

*Statute of frauds—Pleading—Stamp—Trustee of express trust—Suit by real party in interest—Waiver of objection.*

1. In pleading a contract which the statute of frauds requires to be in writing, it is sufficient to aver that the contract was made, and this will be held, on demurrer, to imply that it was in writing, and valid under the statute.

2. Where an instrument was delivered without the stamp required by act of Congress, *it seems* that upon being returned to the maker and by him redelivered with stamp duly canceled, it would have taken effect from the date of such redelivery in the absence of any act of Congress like that of June 30, 1864, which cured the defect in the first execution.

3. Where a claim is assigned to one member of a firm, in payment of a debt due the firm, but without express words of trust, is such partner a " trustee of an express trust," within the meaning of the statute (R. S., ch. 122, sec. 14), so that he can maintain an action upon the claim? Discussed per DIXON, C. J., (who answers in the negative), but not decided.

4. The objection that plaintiff is not the real party in interest, if not taken by demurrer or answer, is waived; and the effect of such waiver is not destroyed by proof at the trial (even without objection) of the interest of other parties.

DIXON, C. J., (dissenting as to this point,) is of opinion that where it appears from plaintiff's evidence, or from defendant's evidence without objection, that the plaintiff is not the real or sole party in interest, the action should be dismissed; but where the proof is made and the appeal taken by the defendant, it cannot be presumed by the appellate court that the evidence was not duly objected to by the plaintiff.

APPEAL from the Circuit Court for *Winnebago* County.

The complaint alleges that, on &c., the defendant bought of Peet & Williams, at Menasha in this state, one hundred barrels of flour, marked &c., for which the defendant then and there, in consideration of such sale, promised to pay them $4.80 per barrel, on delivery of the same; that the same was to be delivered by said Peet & Williams by shipment thereof by water from Menasha to Green Bay for defendant; that said flour was delivered, on &c., by such shipment; that defendant has been often requested but has refused to pay for said flour; that, on &c., said Peet & Williams, for a valuable consideration, duly assigned to the plaintiff the indebtedness of the defendant to them for said flour, of which defendant had due notice before the commencement of this action; and that there is now

due the plaintiff from defendant for said flour $480, with interest, &c. The defendant answered denying, on information and belief, that the indebtedness mentioned in the complaint was at any time assigned by said Peet & Williams to the plaintiff, and alleging that said indebtedness was, at the commencement of the action, and continued to be, the property of said Peet & Williams ; that plaintiff was not the party in interest in the action, but that said Peet & Williams were the real parties in interest. The answer then set up a counter-claim. There was a reply in denial of such counter-claim.

On the trial, the defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action. Objection overruled. The plaintiff proved the execution of a written assignment to him, by Peet & Williams, of their claim. On cross-examination of the witness, it appeared that at some time after the delivery of the assignment to the plaintiff, it was without any stamp. The plaintiff then proposed to show " the manner in which stamps were put on the paper," and an objection by the defendant was overruled. The witness, who was an attorney for the plaintiff, testified : " I returned the paper to Peet for him to cancel the stamp which I had placed on it. Soon after, I received it from him in the condition it now is. This was after I had shown the paper to the defendant. The stamps were put on before suit was commenced." Plaintiff, as a witness in his own behalf, testified that the consideration of the assignment to him was a balance of a grain account due him, exceeding the amount of this claim against the defendant. On cross-examination he said : " Peet & Williams owed me for grain sent them from Fond du Lac. I was then in business at Fond du Lac. At the time of the arrangement [assignment] I had two partners. I was buying wheat on joint account with R. M. Lewis and also my brother. * * Think this wheat to Peet & Williams was sold on account of Robbins & Lewis. My brother and myself have a half interest in the business of that

firm. I have not credited anything to Peet & Williams on our company books on account of this claim. I was not to credit the amount to them till collected." The account assigned to plaintiff was in the following form:

" 1863.          H. Deverill,                                    Dr.

Nov.  To 100 bbls. flour marked Eclectic Mills XXX,

          and shipped to your order, Green Bay,  -  $480.00

          To interest on $480.00, 30 days,  -  -  -  -  -  3.00
                                                      —————
                                                      $483.00

The assignment was as follows : "For full value paid us in hand, we hereby bargain, sell and assign the foregoing account to A. Robbins, guaranteeing $483 due on the same. Neenah, Dec. 2, 1863. (Signed) PEET & WILLIAMS."

A shipping bill, showing the shipping of said flour at Menasha to the defendant at Green Bay, at the time alleged in the answer, was attached to the account, but does not appear from the printed case to have been offered in evidence. The defendant moved for a nonsuit, on the grounds, 1. That plaintiff had not shown any interest in the demand sued, except in connection with his co-partners. 2. That the evidence did not sustain the complaint. 3. That the assignment was void because it had not been stamped as required by law. Motion denied.

The defendant asked, but the court refused, the following instructions : "That the jury must find that the flour was actually shipped and delivered to defendant by Peet & Williams, free from all liens and charges for freight, storage &c., or vendor's lien for the price, and that the same was, after sufficient time given for the purpose of inspection &c., accepted by defendant, or plaintiff could not recover. 2. If Robbins & Lewis were the owners of the claim against Peet & Williams, then the plaintiff was not the real party in interest, and could not recover. 3. If the assignment from Peet & Williams was not stamped when delivered, the plaintiff had no right to stamp it until he paid the collector of the district in which the court was held, five

dollars, which was not done in this case." The court instructed the jury that "the answer admitted the delivery of the flour, and its acceptance by the defendant; that an existing indebtedness of the assignor of a thing in action, in which the plaintiff is interested as an entire or part owner of the same, is a sufficient consideration for the assignment of the account; and that there need be no consideration for the assignment to enable the plaintiff to maintain an action as assignee of an account, unless such assignment in some way interferes with some defense to the action upon such account in the name of such assignee."

Verdict and judgment for the plaintiff; and the defendant appealed.

*C. Coolbaugh*, for appellant, argued that under the statute of frauds (R. S., ch. 107, sec. 3), the complaint was insufficient, because it did not show that there was any memorandum of the alleged sale in writing, subscribed by the party to be charged, nor that any part of the purchase money was paid, nor that there was any receipt and acceptance of the goods or any part thereof. 2 Parsons on Con., 320; *Corning v. Colt*, 5 Wend., 254. The court erred, therefore, in receiving any evidence under the complaint. It also erred in refusing the instructions asked by the defendant on this point. To constitute a delivery of goods sold, to take the case out of the statute, there must be a transfer by the seller of the possession and control, with the purpose and effect of putting the goods out of his hands. *Howe v. Palmer*, 3 B. & Ald., 321; *Bill v. Bament*, 9 M. & W., 41; *Shindler v. Houston*, 1 Coms., 261; 3 Parsons on Con. (5th ed.), 41; 3 Phillips Ev. (new ed.), 366; Story on Sales, sec. 276 et seq. 2. The answer does not admit the delivery of the flour and defendant's acceptance of it. It makes no admissions in terms; and there is no allegation in the complaint that the defendant accepted. Sec. 31, ch. 125, R. S. 3. The shipping bill attached to the account was not offered in evidence. It was not of itself, until proved, evidence of any fact, and there was no proof of its genuineness. *Horneffer v.*

*Duress*, 13 Wis., 603. Besides, it would have been at most only evidence of a delivery to the carrier, and he was not the defendant's agent. 4. In contracts for future delivery, the buyer has the right to examine the goods to ascertain their quality before he determines whether to accept them or not, and a retention by him for a time sufficient to enable him to do this is not an acceptance of the goods. 2 Parsons on Con., 325, and authorities cited in note (o). 5. The evidence shows that the plaintiff is not the real party in interest, but that his brother and Lewis should have been joined with him as plaintiffs. *Secor v. Keller*, 4 Duer, 416 ; *Kimball v. Spicer*, 12 Wis., 668. 6. The assignment was void for want of a proper revenue stamp. Edwards on Bills (2d ed.), 711 ; Act of Congress, July 1, 1862, sec. 95.

*Moses Hooper*, for respondent, to the point that the objection to the want of proper parties plaintiff came too late, cited R. S., ch. 125, sec. 9 ; *Carney v. La Crosse & Mil. R. R.*, 15 Wis., 508 ; *Hackett v. Bonnell*, 16 id., 476 ; 15 Barb., 331. Sec. 14, chap. 122, R. S., expressly authorizes the action in the name of the plaintiff. He is a person with whom and in whose name a contract has been made for the benefit of another. The history of the enactment of this section (sec. 113 of N. Y. code), and the judicial decisions upon it, show that it was intended to apply to such a case as this. Voorhies' N. Y. Code, sec. 113 and notes; 2 Sandf., 706 ; 15 Barb., 331.

DIXON, C. J. It was a settled rule before the enactment of the code, that in pleading a contract which the Statute of Frauds requires to be in writing, it was not necessary to allege the facts relied on to take the case out of the statute. The same rule still prevails. See Abbott's Dig., Title, "Pleading under the Code of Procedure," § 921, and cases cited. It is sufficient, on demurrer, to allege that a contract was made. Such an allegation implies that the contract is in writing, and valid under the statute. The complaint in this case avers a delivery of the

flour according to the terms of the sale, by shipment of the same by water from Menasha to Green Bay. The presumption being that the contract of sale was in writing, and subscribed by the defendant as required by the statute (sec. 3, ch. 107, R. S.), the delivery to the carrier at Menasha was a delivery to the defendant according to the terms of the written contract, and no question of the receipt or acceptance of the flour by the defendant at Green Bay, so as to take the case out of the statute, in case there had been no contract in writing, is presented. No such question is presented, because the delivery of the flour at Menasha pursuant to the terms of the sale is not denied by the answer. By not denying the sale as alleged in the complaint, the defendant admits it to have been in writing; and this, with admission of the delivery at Menasha in pursuance of it, is, under the statute, in all respects equivalent to an acceptance in fact of the flour by the defendant at Green Bay, in case there had been no writing. For this reason, the court was right in overruling the defendant's objection to the admission of any evidence under the complaint, and in refusing to give the instruction asked upon this point. The instruction was wholly immaterial under the pleadings.

We are also of the opinion that the court was right upon another ground, that taken by the judge, viz., that the indebtedness of the defendant for the flour is explicitly admitted by the answer.

As to the stamp, the assignment having been executed before the passage of the act of Congress, approved June 30, 1864, (U. S. St. at Large, 1863–4, ch. 172), the defect was cured by the first proviso of the 163d section of that act, which declares, " that no instrument, document or paper made or issued prior to the passage of this act, without being duly stamped, or having thereon an adhesive stamp or stamps, to denote the duty imposed thereon, shall, for that cause, if the stamp or stamps required shall be subsequently affixed, be deemed invalid and of no effect."

Besides, we think, without this provision, that it was competent for the plaintiff, upon discovering that the assignment was not stamped, to return it to the assignors for that reason; and that then, upon its being stamped and redelivered, it took effect as a valid instrument from the time of such redelivery.

The only remaining question is as to the plaintiff's interest in the cause of action proved, and his right to sue in his own name alone.   The statute is imperative, that every action must be prosecuted in the name of the real party in interest except as therein otherwise provided.   R. S., ch. 122, sec. 12.   The only exception claimed to be applicable here, is that found in section 14, that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted. The proof is, that the plaintiff is not sole owner of the demand sued upon.   It belongs to the firm of Robbins & Lewis, composed of the plaintiff, his brother, and one Lewis.   The plaintiff and his brother have one half interest, and Lewis the other.   The demand was transferred to the plaintiff alone by words of absolute assignment, no trust being expressed; but, as the plaintiff testifies, he holds it nevertheless in trust for the firm.   It was received on account of a debt due the firm from Peet & Williams, the assignors.   Upon these facts it seems to me the plaintiff cannot maintain the action.   He is not the real party in interest, nor the trustee of an express trust, within the meaning of the statute.   His brother and Lewis should have been joined as co-plaintiffs.   He is not the trustee of an express trust, because no such trust appears from the assignment, and none is shown to exist between himself and his co-partners by virtue of any other instrument.   In order to constitute a trustee of an express trust, as I understand the statute, there must be some express agreement to that effect, or something which in law is equivalent to such an agreement.   The case of factors and mercantile agents may or may not constitute an exception, under the custom and usage of merchants.   *Grinnell v. Schmidt*, 2 Sandf. (S. C.), 706.   But in every other case, the trust must,

I think, be expressed by some agreement of the parties, not necessarily, perhaps, in writing, but either written or verbal according to the nature of the transaction. In this case no agreement is shown that the plaintiff was to take or hold as trustee, and that he is a trustee results merely from other circumstances It is implied from the facts of partnership and that the plaintiff received the assignment on account of a debt due the firm. If it is not purely a case of implied trust, as distinguished from an express trust, then I am at a loss to conceive of one; and to hold the plaintiff to be a trustee of an express trust, would, in my judgment, be a palpable disregard of the statute and violation of the intention of the legislature. I think, therefore, that the court should have granted the defendant's motion for a nonsuit, and have given the instruction asked upon *this* point, unless the objection was waived by the omission of the defendant to take it by answer. That it was so waived is very clear, and the only difficulty I have had about the question has arisen from the manner in which the evidence was or might have been given. If the evidence of the interest of the co-partners of the plaintiff was, or could be assumed to have been, given without objection on the part of the plaintiff, then I seriously question whether the defendant ought not to have the same benefit from it as if the objection of a want of proper parties had been taken by answer. *Lewando v. Dunham*, 1 Hilt., 114, seems to be a decision to this effect; and I question whether it would not be so in analogy to the rule held in New York, that where the complaint does not state facts sufficient to constitute a cause of action, and the defendant neither demurs nor takes objection at the trial, he cannot afterwards do so on appeal. *Mosselman v. Caen*, 34 Barb., 66; *S. C.*, 21 How Pr. R., 248; *Pope v. Dinsmore*, 8 Abb. R., 429; *Carley v. Wilkins*, 6 Barb., 557; *Hunt v. Bloomer*, 13 N. Y., 341; *Johnson v. Whitlock*, id., 345; *Bowdoin v. Colman*, 6 Duer, 186. If the evidence of the plaintiff's want of interest had been received without objection, and no motion

to expunge had been made or instruction asked by him, and the defendant had prevailed, and the plaintiff appealed on the ground that the defense was not set up in the answer, it would seem that he would have been concluded by his silence at the trial, and that the objection could not have been taken for the first time in this court. But such is not the case here. The defendant, notwithstanding the admission of the evidence, was unsuccessful. His motion for a nonsuit was denied, the instruction refused, and he appeals for that reason. The question then is, whether it can be assumed that the evidence was received without objection on the part of the plaintiff. I think it cannot. On the contrary, I think the presumption is that it was objected to. As already observed, the evidence was clearly inadmissible under the answer. The defect of parties plaintiff, not appearing by the complaint, must have been taken by answer; and not having been so taken, the objection was waived. R. S., ch. 125, secs. 5, 8, 9; *Cord v. Hirsch*, 17 Wis., 403; *Gundry v. Vivian*, id., 436; 2 Whit. Pr., § 171, and cases cited. Such waiver is absolute, subject only to the power of the court to order other parties to be brought in when necessary to a complete determination of the controversy, and to the right of the defendant to object at the trial in cases where the defect or misjoinder is not formal in its nature, but goes directly to the merits, as affecting the rights of the plaintiff to maintain the action. Whit. Pr., *ibidem*. Here there is no necessity for bringing in other parties. The legal title is vested in the plaintiff, and a recovery and satisfaction by him will discharge the defendant from all further liability. The defect is merely formal, and does not go to the merits. The cause of action proved corresponds entirely with that alleged in the complaint. The defendant could not, therefore, object on the ground of variance or defect of proof. Hence the defect of parties was absolutely waived, and the evidence wholly inadmissible under the pleadings, and being so, I think the presumption is that it was objected to. Or if this

is not so, then I am confident that the contrary presumption cannot be entertained, that the plaintiff did not object, which is necessary before the defendant can have the benefit of the facts proved, the same as if he had stated them in his answer. The bill of exceptions is the defendant's, not the plaintiff's, and if the plaintiff had objected his objections could not appear. *Knox v. Cleveland*, 13 Wis., 245. But if it can be assumed that he did not object at the time the testimony was offered, it seems to me that it cannot upon the motion for nonsuit, and when the instruction was asked. The defendant moved for a nonsuit upon this distinct ground, among others, which motion was successfully resisted by the plaintiff. May it not fairly be presumed that the court denied the motion for the reason that the evidence had been improperly admitted, and should be disregarded? And may not the instruction have been refused for the same reason urged by the plaintiff or adopted by the court? It appears to me to be a fair presumption in either case. In *Durgan v. Ireland*, 14 N. Y., 322, it was held not to be error in the judge in his final ruling, which determined the verdict, to disregard evidence which had been improperly received, without any subsequent order to expunge it. See also *Jackson v. Whedon*, 1 E. D. Smith, 141.

For these reasons I think the judgment of the circuit court must be affirmed.

DOWNER, J. The majority of the court are of the opinion that the only way the defect of parties plaintiff could have been taken advantage of was by demurrer or answer; and if not taken in that way the defect was waived. And it is immaterial whether the proof of the interest of other parties was objected to by the plaintiff at the time it was received or not. Our statute respecting appeals differs in this respect from that of New York. We agree with the Chief Justice in affirming the judgment, but not in all his reasoning. We express no opinion as to whether the plaintiff is the trustee of an express

trust within the statute, or is the real party in interest, so as to sue in his own name.

*By the Court.*—The judgment is affirmed.