# New York City Court.

*Trial Term—March,* 1884.

## ALBERT TOWER ET AL. *against* THE HOWE SCALE CO.

The plaintiffs agreed to furnish the defendant with "No. 2" foundry iron. Nothing was said as to the use intended to be made of it. The iron sold was of the brand called for by the contract. The defendant claimed that in order to make the iron suit its purpose it had to mix Scotch iron with it, and therefore undertook by way of counter-claim to charge the plaintiffs with the increased cost. *Held,* that such damages were not recoverable.

Rule as to special damages in exceptional cases. See note at foot of case.

*Holbrook & Smith,* for plaintiff.

*J. L. Logan,* for defendant.

McAdam, Ch. J.—Lord Abinger said : " A good deal
of confusion has arisen in many of the causes from the
unfortunate use made of the word ' waranty.' Two
things have been confounded together. A warranty is an
express or implied statement of something which a party
undertakes shall be part of a contract, and, though part
of the contract, *collateral to the express object of it.* But in
many of the cases the circumstance of a party selling
a particular thing by its proper description has been
called a warranty, and the breach of such a contract a
breach of warranty ; but it would be better to distinguish
such cases as a non-compliance with a contract which a
party has engaged to fulfill ; as if a man offer to buy
peas of another and sends him beans, he does not per-
form his contract. But that is not a warranty. The con-
tract is to sell him peas, and if he delivers anything in
their stead, it is a non-performance of it (Chanter *v.*
Hopkins, 4 *M. & N.* 399)."

Benjamin, in his book on Sales (Perkins' 1 Am.
ed. 521), says : " There can be no doubt of the
correctness of the distinction here pointed out. If the
sale is of a described article, the tender of an article
answering the description is a condition precedent to the
purchaser's liability, and if this condition be not per-
formed, the purchaser is entitled to reject the article, or,
if he has paid for it, to recover the price as money had
and received for his use." There are a number of authori-
ties, however, holding that words of description may con-
stitute a warranty that the articles sold are of the
species and quality described, But it is unnecessary to
go into an examination of these cases, for reasons which
will appear hereafter. In Gibson *v.* Bingham (43 *Vt.* 410)
it was held, that if the purchaser of an article *manufactured*
for him under a special executory contract, there being
no warranty or fraud, accept it, though defective, he
becomes thereby bound to pay the contract price ; but if
he reject it, and give notice of the non-acceptance, he can

Tower *v.* Howe Scale Co.

bring his action for the non-performance of the contract, but he cannot accept it and bring such action both ; nor can he accept it and impose conditions and sue the vendor for non-compliance with the conditions imposed. In the present case the plaintiffs were manufacturers, and agreed to furnish the defendant with "No. 2 foundry iron." Neither the contract nor the evidence discloses the particular use the defendants intended to make of the iron, so as to imply a warranty that the iron was suitable for the purpose intended, or to lay the foundation for special damages as in case of the breach of such a warranty. Under the circumstances, the contract is substantially performed if the iron sold be of the brand called for by the contract, and there is no implied warranty that the iron is of any certain quality (Dounce *v.* Dow, 64 *N. Y.* 411). The iron called for by the contract was delivered to and accepted by the defendant. There is no evidence showing that the inferiority claimed could not be detected by examination or by a slight test. It was detected in the present case after using 1400 pounds of that which was claimed to be defective, and still the defendants used the remainder, mixing Scotch iron with it to make that furnished by the plaintiffs suit the defendant's purpose. The rule applicable under the laws of this State, as interpreted by the decisions, seems to be that if the vendee retains the property after a reasonable opportunity to ascertain the defect, he is liable for the contract price, in the absence of fraud or express warranty, unless he returns or offers to return the property. The retention of the property in such cases being considered as an admission by the vendee that the contract has been performed (Reed *v.* Randell, 29 *N. Y.* 358; McCormack *v.* Sarson, 45 *Id.* 265 ; Beck *v.* Sheldon, 48 *Id.* 365; Dounce *v.* Dow, 64 *Id.* 411). The vendee in this case ought to have exacted a specific warranty, which would have survived the acceptance of the goods (Dounce *v.* Dow, *supra*). But even assuming, for the present, that the description

Tower *v.* Howe Scale Co.

of the article in the contract implied a waranty in law, the measure of damages would be the difference between the agreed price and the market value (*Sedgwick on Dam.* 9 ed. 344; *Wood's Mayne on Dam.* 1 Am. ed. § 244). This difference in value was not proved upon the trial, nor was there any evidence which justified the exceptional rule of damages sought to be applied by the defendant,—*i. e.,* the expense of the Scotch iron, which was mixed with the iron furnished by the plaintiffs to make it answer the requirements of the defendant.

Upon the entire case the direction to find for the plaintiff was right, and the motion for a new trial must be denied.

The judgment entered on the verdict herein was affirmed on appeal.

### That Words of Description Imply a Warranty,

See Dounce *v.* Dow, 64 *N. Y.* 411 ; Van Wyck *v.* Allen, 69 *Id.* 61 ; White *v.* Miller, 71 *Id.* 129 ; Hawkins *v.* Pemberton, 51 *Id.* 198.

### That Words of Description do not Imply a Warranty,

See Chandos *v.* Hopkins, 4 *Mees. & W.* 399 ; Gardiner *v.* Lane, 12 *Allen,* 44 ; *Benjamin on Sales,* 4 Am. ed. ¿ 600 ; Seixas *v.* Wood, 2 *Caines,* 48 ; Carley *v.* Wilkens, 6 *Barb.* 557 ; Sweet *v.* Colgate, 20 *Johns.* 196 ; Hotchkiss *v.* Gage, 26 *Barb.* 141.

If, under a contract of sale, a delivery was made through mistake of an article different from that agreed upon by the parties, there will be no sale of the article delivered, and no property in it will pass, for the simple reason, that the vendor has not agreed to sell, nor the vendee to buy it (12 *Allen,* 44).

### Special Damages in Suit by Vendee Against Vendor for Non-Performance.

Ordinarily, the difference between the contract price and the market price, at the time and place of delivery of the article contracted to be furnished, is the measure of damages ; but, where the vendor, knowing that the purchaser has an existing contract for a re-sale at an advanced price, and that the purchase is made to fulfill such contract, agrees to supply the article to enable him to do so, a different rule prevails, and upon breach, the purchaser may.

Tower *v.* Howe Scale Ce.

recover the profits upon the re-sale, of which he has been deprived by the default of the vendor (Messmore . New York Shot & Lead Co., 40 *N. Y.* 422. See also 60 *N. Y.* 487).

Gains prevented, as well as losses sustained, may be recovered as damages for breach of a contract, where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach (White *v.* Miller, 71 *N. Y.* 133).

## Sale of Seed.

Damages for breach of warranty. See Passinger *v.* Thorburn, 34 *N. Y.* 634.

### Injurious Quality of Thing Sold.

One buying coal-dust to be used in making brick, stated that if mixed with soft coal-dust, it would destroy the brick, and the seller warranted that it was free from soft dust. *Held,* that the measure of damages for the breach of warranty was not the difference in value between the article contracted for and the article received, but was the injury resulting to the brick from the presence of such soft coal-dust (Milburn *v.* Belloni, 30 *N. Y.* 53).

The sellers of wool knew that it was bought by plaintiffs to manufacture into hats, and if there were any cotton in it, it would be unfit for that purpose, but they did not warrant that it was fit for that purpose, but only that the flocks contained no cotton. *Held,* that the only damages which plaintiffs could recover for the breach of this warranty, were the difference between the market value of the wool in its actual state, and what it would have been worth had it contained no cotton, with interest on that difference. They could not recover their losses caused by manufacturing hats which proved to be of less value on account of the intermixture of the cotton (Prentice *v.* Dike, 6 *Duer*, 220. And see *Wood's Mayne on Damages*, 1 Am. ed. 34–41).