SIDNEY SWEET *vs.* BENJAMIN BRADLEY and others.

To sustain an action upon a warranty, it is not necessary that all the representations made by the defendant should be false, or all actionable. If any part of the representations are actionable, it will suffice.

Where a partner, upon selling promissory notes belonging to the firm, and for their benefit, stated to the purchaser that he would warrant them to be good notes, and they would be paid; that they were given for a valuable consideration, and were regular business paper; that the makers were responsible, and worth $40,000 or $50,000, and the indorser worth $25,000; which representations were false, and the makers insolvent; *Held* that the firm was bound by the representations made by the partner on selling the notes; and that an action would lie against all the members of the firm, upon the warranty.

A positive affirmation of a fact is a sufficient warranty.

An affirmation in regard to an existing fact, distinctly and positively made, in negotiations for trade, should be regarded as a contract, and enforced as a warranty.

In an action brought upon a warranty, by an assignee, the measure of damages is the sum which the assignor might have recovered, had the action been brought in his name. The amount paid by the assignee, for the right of action, is not the rule. The warrantor must make good his warranty.

THIS action was brought upon a warranty, alleged to have been made by the defendant B. Bradley, upon a sale of notes belonging to him and the other defendants, Pettibone and Woodruff, composing the partnership firm of B. Bradley & Co., to one Simon Gallinger. The cause of action had been assigned by Gallinger to the plaintiff. On the trial, Gallinger was examined as a witness for the plaintiff, and proved the material facts alleged in the complaint. The defendants moved for a nonsuit, on the following grounds: 1st. That the plaintiff had not made out any cause of action. 2d. That the demand, or alleged cause of action, was not assignable so as to enable the plaintiff to maintain the action in his own name. 3d. That Woodruff and Pettibone were not bound by any agreement of Bradley on the sale of the notes, as not being within the business of the copartnership. 4th. That Woodruff and Pettibone were not bound by any act of Bradley, the same not being within the business of said copartnership; which motion was denied, and the defendants excepted.

The parties having rested, the defendants asked the court

to charge the jury, in addition to the grounds of nonsuit, 1st. That there could be no recovery against all the defendants except as copartners. 2d. That as copartners there could be no recovery against all of the firm, unless the transaction was within the copartnership business. 3d. That no damage had been shown by the plaintiff. 4th. That at the time of the transfer of the notes by Gallinger, no damages had been sustained by him. 5th. That if Gallinger had sustained any damages, the $1200 received by him must be deducted. 6th. That the assignee could only recover the damages which Gallinger had sustained. The court declined so to charge, and thereupon charged the jury, 1st. That if at the time the notes were sold and transferred to Gallinger, they were owned by the defendants as partners, and were transferred by the defendant B. Bradley, with a warranty that the makers were worth forty or fifty thousand dollars, and the indorser worth $25,000, and that such warranty was part of the agreement of · sale, and the makers and indorsers were in fact insolvent at the time, the cause of action was made out; that such a warranty by B. Bradley would be binding upon his partners on the transfer of such notes. The defendants' counsel excepted to so much of the above charge as instructed the jury that B. Bradley's warranty would be binding on the other defendants. The court further charged, that if these notes were made and indorsed by Faulkner for the purpose of having them discounted, to raise money to pay other notes on which he was contingently liable, and they were taken and sold for $1800 before they had been thus discounted, the indorser could set up the defense of usury, and would not be liable, if he insisted on that defense. The court also charged, that if they found there was such a warranty, and that both the makers and indorsers were insolvent, the plaintiff was entitled to recover the full amount of the notes ; or if they found there was such warranty, and the makers were insolvent and the indorser not, but that he was not liable as above, that then the plaintiff was entitled to recover the full amount. To each of which several charges, and to the refusal of the court to charge as requested, the de-

fendants excepted. The cause was then submitted to the jury, and the jury found a verdict in favor of the plaintiff, and against all of the defendants, for the sum of $2294.51, the amount of the said notes and interest.

The defendants, upon exceptions taken at the trial, moved for a new trial.

*L. C. Peck,* for the plaintiff.

*J. L. Curtenius,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. The verdict in this case is eminently just, and it is the duty of the court to sustain it if possible, consistently with the rules of law. The defendants having accepted and paid, as accommodation acceptors, a draft drawn upon them by J. and L. Bradley, and indorsed by Faulkner, for $2000, made to take up protested paper of the said J. and L. Bradley, indorsed by said Faulkner, received these two $1000 notes from the Bradleys, with one other of $1000 to replace them in funds for such advance. These three notes were sent in pursuance of a request by Benjamin Bradley for that purpose, and were credited to J. and L. Bradley, by B. Bradley & Co. The notes thus became the property of B. Bradley & Co. As such, the two notes in question, of $1000 each, were sold by B. Bradley to Gallinger, who paid for them in a note of B. Bradley & Co. for $1100 held by him, due in a few days after the sale, and in a draft on New York for $700, delivered to B. Bradley at the same time. It thus appears that the notes sold to Gallinger were the property of the defendants, and were sold for their benefit, and they received the proceeds therefor. The defendants were therefore clearly liable as partners, upon any contract made by Benjamin Bradley on the sale of these notes; and the rulings of the circuit judge, and his charge on this point, were clearly correct. The notes were sold to Gallinger by B. Bradley, upon a very clear and explicit engagement on his part to warrant or guarantee the payment thereof by the makers. Bradley's representations to

Gallinger, in respect to the goodness of the makers and indorsers of the notes, were very positive, and it is quite obvious that the sale was made in reliance, in part, upon the faith of such representations, and the repeated assurances of B. Bradley that the makers and indorsers were good, and the notes would be paid, and that he would warrant their payment. If the action had been for deceit in the sale of these notes, the representations shown to be untrue in respect to the circumstances both of the makers and indorsers of the notes, connected with the fact that their paper had been previously protested, and that B. Bradley & Co. as accommodation acceptors, had been obliged to pay a draft made by them of $2600, itself given to take up protested paper, with the other facts and circumstances in the case, would probably have authorized the jury to find for the plaintiff, on such an issue. But the action is in form one of contract, and the chief question in the cause is, whether, as such, it can be maintained. In the negotiations which preceded the exchange of the papers and the final consummation of the trade, Gallinger continually required the indorsement of B. Bradley & Co. on the paper, and Bradley as persistently refused to give such indorsement; but reiterated and insisted that the notes were good, and that he would be perfectly willing to indorse them, except that the restrictions of his partnership obligations forbade his doing so; saying, at the same time, "I will warrant them to be paid; I will see it paid, you may take my word; my word is as good as any writing." So far as this language and these undertakings are concerned, they are promises to answer for the debt, default or miscarriage of another person, and being by parol are clearly within the statute, and void. But the case turned at the circuit upon the other branch of the representations made at the time, and it remains to inquire whether the charge of the circuit judge was right upon this point. The charge on this point is as follows: "That if at the time the notes were sold and transferred to Gallinger, they were transferred by the defendant B. Bradley, with a warranty that the makers were worth $40,000 or $50,000, and the indorser worth $25,000, and

that such warranty was part of the agreement of sale, and the makers and indorsers were in fact insolvent at the time, the cause of action was made out." The jury, in finding for the plaintiff, have affirmed this proposition, and the proofs clearly warrant the finding, upon the facts. At the time of the trade, Bradley, in the final conversation, said of the notes: "I will warrant them good notes and they will be paid; they were given for a valuable consideration, and are regular business notes; the makers are responsible; J. and L. Bradley are worth $40,000 or $50,000, and R. L. Faulkner $25,000; all you have got to do is to present these notes when they are due."

The argument of the defendants' counsel is, that this was all one transaction; that the contract or engagement of B. Bradley is an entire one and is a guaranty of the goodness of the notes, and in effect an engagement to pay the same if the makers or indorsers did not, and is thus a promise to pay the debt of another, and within the statute. I do not think we are bound to put such a construction upon these declarations, to save the defendants from a just and honest responsibility. The representations are *positive* as they were *false* in fact. A positive affirmation of a fact is a sufficient warranty. It is not necessary, to sustain an action for deceit for false representations, that all the representations made at the time should be false. So it is not necessary, when the action is for a warranty founded on the representations, that all the representations should be false, or all actionable. If there be any actionable representation it will do. It is precisely as though but part of the actionable words alleged in an action for slander were proved. The fact that Bradley made promises or representations which will not sustain an action, ought not to vitiate in respect to those thae will. Those which will sustain an action, if proved, are not to be affected by the rest of the conversation had, or declarations made, at the time, unless they qualify the representations relied on, or destroy their force. Gallinger had a right to rely upon the representations of Bradley in regard to the responsibility of the makers and indorsers of the note, and he doubtless purchased the notes trusting to the responsibility of

the makers and indorsers to pay the same, in confidence that B. Bradley knew and truly stated the facts in regard to their pecuniary ability, respectively. Such representations cannot be treated as mere matters of opinion, and the jury have found otherwise, in this case. What a man *positively affirms*, with the view to induce another to part with his property, if relied on and confided in, he should be held to undertake and promise to be true. An affirmation in regard to an existing fact, distinctly and positively made in the negotiations for trade, should be regarded as a contract, and enforced as a warranty. (2 *Cowen*, 438. 4 *id.* 440. 10 *Wend.* 41. 6 *Barb.* 537.) The charge, in this particular, was right, and in all particulars. The correct rule of damages was given to the jury. The defendants were merely required to make good their warranty. The consideration for which Gallinger sold the right of action to the plaintiff, had nothing to do with the question of damages. The plaintiff had purchased the entire right of action, and was entitled to recover the full damages which Gallinger might have recovered if the suit had been brought in his name.

The sale to the plaintiff did not in any way affect the measure of damages for which the defendants were liable. The judgment should be affirmed.

New trial denied, with costs.

[Cayuga General Term, June 1, 1857. *Johnson, T. R. Strong* and *Smith*, Justices.]