## WILBUR vs. CARTRIGHT.

The rule of law is well settled, that no particular form of words is essential, to constitute a warranty of quality; and any assertion of the vendor, concerning the article sold, if it be relied upon by the vendee, and understood by both parties as an absolute assertion, and not merely an expression of opinion, will amount to a warranty.

Where, in an action for a breach of warranty upon the sale of wool, there was some evidence to establish the fact that a warranty was made, to the effect that it was dry, in good order, and washed wool; and it appeared that the purchaser relied upon those representations, in making the purchase; *Held* that it was a question of fact for the jury whether the representations were established by proof, and were understood by the parties as a warranty.

Where, upon a sale of wool, the vendor denied the statement of the purchaser that it appeared to be damp, and made an express representation that it was not damp, but was dry and in good order; *Held* that this covered any defect of that kind which was manifest, and was a warranty against dampness.

Where the only portion of the wool sold, which was examined by the purchaser, was that which was to be seen protruding from the corners of the blankets in which it was tied up; *Held* that so far as any thing could be seen then, it could not be considered as a known, visible defect against which the warranty made was no protection.

Where there is a warranty that wool purchased is dry, and in good order, and washed, the fact that a deduction from the price was asked and acceded to, in consequence of the wool not being clean, does not affect the question whether the purchaser is entitled to recover upon the warranty.

The maxim of *caveat emptor* only applies when both parties are assumed to be equally ignorant of defects, and the purchaser sustains the loss on account of his negligence in omitting to exact a warranty. The principle is that the purchaser has it in his power to guard against a latent defect or deception in the article purchased, by exacting a warranty from the vendor; but if, instead of taking this precaution, he trusts to his sagacity and judgment, he should bear the loss.

Where, upon a sale of wool, the purchaser stated that the wool felt damp, and the vendor replied that it was not, and that it was in good order; *Held* that this was a warranty against dampness, and that the wool was in good order. That that specific defect, and any other, which related to the condition of the wool, was covered by the representation of the vendor.

The purchaser has a right to rely upon such a statement, and if it proves untrue, he will be entitled to an indemnity for any loss which he may have sustained.

Where a party proposes to sell an article done up in packages so as to be mainly concealed from view, and upon inquiry, suggested by the appear-

Wilbur *v.* Cartright.

ance of that portion which is visible, the vendor makes a representation, which turns out to be false, the purchaser has a right to rely upon that representation, and is not bound to examine and look further. He may take the vendor at his word, and if the latter has misrepresented, he is liable.

APPEAL from a judgment of a county court and an order denying a new trial.

The action was brought in a justice's court, to recover damages for a breach of warranty upon the sale of a quantity of wool, and a verdict was there recovered against the defendant. The defendant appealed to the county court, where the case was retried. The wool was bought by the plaintiff's agent, of the defendant, who testified that the wool was in two or three sacks sewed up so that he could not see it, and from fifty to one hundred pounds of it tied up in blankets. He saw only that which was outside of the corners of the blankets, and took none out to examine. He asked if it was washed, dry, and in good order, and the defendant said that it was, and the agent relied upon this recommendation. Another witness swore that the plaintiff's agent said to the defendant that the wool appeared to feel damp, and the defendant said it was not damp; that it was dry and in good order, and it was nothing but the natural oil of the sheep. The agent then said if the wool was dry and in good order he would give him thirty cents a pound; and the wool, being 360 pounds, was purchased at that price. There had been some conversation about thirty-five cents a pound, but the agent refused to pay over thirty cents, because the wool, from the appearance on the outside, did not appear to be clean. The plaintiff also proved that the wool was wet, greasy, rotten and came all to pieces. That it was in a bad condition generally, and not worth over eight cents a pound. The defendant introduced evidence, upon the trial, to contradict the plaintiff's testimony, and there was a conflict upon the most material facts in the case.

The defendant moved for a nonsuit, upon various grounds, and the plaintiff claimed to have the case submitted to the

jury. The county judge decided that both parties being men of experience in reference to wool, and the plaintiff's agent having had an opportunity to examine the wool, and not having done so, it was not a case of express warranty, and the doctrine of *caveat emptor* applied. He directed a nonsuit, and the plaintiff duly excepted. A motion for a new trial was made, and denied, and the plaintiff appealed from the order and judgment of the county court.

*L. Tremain,* for the appellant.

*H. Smith,* for the respondent.

*By the Court,* MILLER, J. The rule of law is well settled, that no particular form of words is essential to constitute a warranty of quality, and any assertion of the vendor, concerning the articles sold, if it be relied upon by the vendee, and understood by both parties as an absolute assertion, and not merely an expression of opinion, will amount to a warrenty. (*Sweet* v. *Bradley,* 24 *Barb.* 549. *Chapman* v. *Murch,* 19 *John.* 290. *Carley* v. *Wilkins,* 6 *Barb.* 557.)

I think that in the case under consideration there was some evidence to establish that there was a warranty of the wool sold by the defendant to the plaintiff, and to the effect, substantially, that it was dry, in good order, and washed wool. It also appeared that the plaintiff's agent relied upon these representations, in making the purchase. Upon the evidence it was a question of fact for the jury whether the representations alleged to have been made were established by proof, and were understood by the parties as a warranty.

It is contended, however, by the defendant's counsel, that the plaintiff can not recover upon the warranty, because at the time of the purchase he saw and knew that the wool was damp and in bad order, and made a deduction of the price on that account.

The testimony shows that the plaintiff's agent saw the

outside of some of the fleeces of the wool, from the corners of the blankets, in which it was when purchased, and that a deduction was made from the price in consequence of the wool not being clean. It also is proved by one of the witnesses that the agent told the defendant that the wool appeared to be damp, and asked him if it was damp. He said it was not damp; it was dry and in good order; that it was nothing but the natural oil; that the agent said if the wool was dry and in good order, he would give him thirty cents a pound for it, and the purchase was then made.

The only portion of the wool which appears to have been examined was that which was to be seen protruding from the corners of the blankets. And I am inclined to think that so far as any thing could be seen then, it can not be considered as a known, visible defect against which the warranty made was no protection. (1 *Salk.* 211. 3 *Blk. Com.* 165. *Schuyler* v. *Russ,* 2 *Caines,* 202. *Story on Contracts,* § 354. *Birdseye* v. *Frost,* 34 *Barb.* 367.)

The allegation made at the time of the sale, that the wool was damp, was denied by the defendant and an express representation made that it was not damp, but dry and in good order. This covered any defect of that kind which was manifest, and I think was a warranty against the dampness.

The fact that a deduction from the price was asked and acceded to, does not affect the question whether the plaintiff was entitled to recover upon the warranty. It does not show that the wool was dry, and in good order, and washed, as is claimed was stated, and that it was as recommended; nor does it establish that the plaintiff was fully advised as to its quality, or put on his guard to make further inquiries and a more critical examination. The most that can be said of this fact is that the plaintiff's agent considered it was worth less because it was not clean, and paid a less price on that account.

The only point remaining is, whether the plaintiff, having had an opportunity to examine the wool, at the time of the

sale, and not having done so, the doctrine of *caveat emptor* applies. This doctrine is usually applied where there is neither fraud nor an express warranty. In such a case the buyer takes the risk of its quality and condition, and no warranty can be implied. (*Seixas* v. *Woods,* 2 *Caines,* 48. *Sweet* v. *Colgate,* 20 *John.* 196. *Hargous* v. *Stone,* 1 *Seld.* 73, 82. *Moses* v. *Mead,* 1 *Denio,* 385.)

It may be remarked, as to cases coming within the principle laid down in the authorities cited, usually both parties were equally ignorant of the defects subsequently appearing, and the purchaser examined the articles sold. It would seem that the warranty was intended to provide against any defect which might exist. The maxim of *caveat emptor* only applies when both parties are assumed to be equally ignorant, and the purchaser sustains a loss on account of his negligence in omitting to exact a warranty. The principle is that the vendee has it in his power to guard against a latent defect or deception in the article purchased, by exacting a warranty from the vendor; but if, instead of taking this precaution, he trusts to his sagacity and judgment, he should bear the loss. (*Carley* v. *Wilkins,* 6 *Barb.* 563. *Welsh* v. *Carter,* 1 *Wend.* 185.)

This precaution was taken in the case at bar. The agent stated that the wool felt damp. The reply was that it was not, and that it was in good order. Here was a warranty against dampness, and that the wool was in good order. This specific defect, and any other which related to the condition of the wool, was covered by the representation of the defendant. The plaintiff had a right to rely upon this statement, and if it proved untrue, was entitled to an indemnity for any loss which he may have sustained. Where a party proposes to sell an article done up in packages so as to be mainly concealed from view, and upon inquiry, suggested by the appearance of that portion which is visible, the seller makes a representation which turns out to be false, the purchaser has a right to rely upon that representation, and is

not bound to examine and look further. He may take the seller at his word, and if he has misrepresented he is liable. Such is the case here. The agent of the plaintiff did not know the actual condition of the wool, not enough being visible to enable him to form a correct judgment. Certainly not sufficient to show that it was in bad order. As to that portion which was open for inspection, he did inquire, and was told it was not liable to the criticism he made upon it. He obtained a warranty as to the condition of the wool, which I think, within the doctrine laid down in the cases cited, protects him from loss.

The views which I have expressed bring me to the conclusion that the county judge erred in granting the motion for a nonsuit, and therefore the judgment and order must be reversed, and a new trial granted, with costs to abide the event.

ALBANY GENERAL TERM, March 6, 1865. *Peckham, Ingalls* and *Miller,* Justices.]