Alonzo Rust, Respondent, v. Jeremiah Eckler, Appellant.

On an executed present sale of an article, with warranty as to quality, it is neither necessary nor allowable to rescind the sale, and return, or offer to return the property sold, on account of a breach of the warranty. And the buyer's omission to do so, in no way impaired his right of action for damages for such breach. · It is otherwise, where the sale is executory of goods to be of a particular quality.

In an action to recover damages for breach of warranty, in the sale of a quantity of cheese, where the defendant claims that the cheese was injured by storage in an improper place by the plaintiff's agent, it is admissible to ask such agent, who was shown to have had experience in dealing in, and handling cheese, whether "he saw anything in the condition of the cellar, or its surroundings (where the cheese was stored by him), that rendered it an improper and unfit place to put it."

Certain formal defects in the return of a commission to take testimony, held immaterial.

(Submitted October 9th, 1869, and decided December 22d, 1869.)

Appeal from a judgment of the General Term of the Supreme Court in the fifth district, affirming a judgment for the plaintiff below.

The action below was for an alleged breach of warranty in the sale of a quantity of cheese by the defendant, to the plaintiff's agent, one Charles H. Hopkins, in the month of February, 1865.

The answer was a general denial. The cause was tried at the Herkimer circuit on the first Monday (7th) of May, 1866.

Hopkins was called as a witness, and gave evidence as to his agency for the plaintiff, and the purchase and delivery of the cheese. He also testified that the cheese, after delivery, was stored in a certain cellar; that they were put in from an outside door; that this door had been left open, and the snow and water had been running in from the eaves; that it had run over the door-sill, and the ice extended two or three feet into the cellar; that an ax was obtained, and the ice chopped away so that they could get into the cellar. And having also testified that he had 128 boxes of cheese there besides this lot; that there was no ice in the cellar; that the water, during a thaw, had run over the door-sill, and there was ice

on the ground, and all the cheese was stored in the same part of the cellar; that the cellar was pretty dry, and that he had stored cheese in cellars for several years, but never in that cellar before, he was asked by the plaintiff's counsel: Did you see anything in the condition of the cellar or its surroundings that rendered it (the cellar) an improper and unfit place to put it (the cheese)?

To this question the defendant's counsel objected, on the ground that the witness could not give his opinion, but must state the facts.

The court overruled the objection and allowed the witness to answer, and the defendant's counsel duly excepted to the decision, and the witness then answered "No, sir."

The plaintiff then gave evidence as to the quality and condition of the cheese, &c., and called John McCready, who testified that he had examined the defendant's cheese at different times, and had bought cheese of defendant the same season, and found what he bought good. He was then asked, on his cross-examination, by the defendant's counsel: Q. Have you examined defendant's cheese frequently? A. I have. Q. How did you find it as to quality?

To this question, the plaintiff's counsel objected, on the ground that it was immaterial how the witness found the cheese on other occasions. The court sustained the objection and excluded the evidence, and the defendant's counsel duly excepted.

The plaintiff's counsel then offered to read and put in evidence the depositions of two witnesses, residing in Philadelphia, Pa., taken on a commission directed to William Ogle, of Philadelphia, commissioner, with direction to return to Zenas Green, clerk, &c. The depositions were signed and certified by Williams Ogle, alderman, instead of William Ogle, commissioner, and were returned to L. Enos Green, clerk. The defendant's counsel objected to the admission of the depositions, because, 1st. The commission does not appear to have been executed by the commissioner named. 2d. The depositions were sworn to before Williams Ogle,

as alderman, and not as commissioner. 3d. The several sheets of the depositions were not signed by the commissioner; and 4th. The commission was not properly returned.

The court overruled the objection and admitted the evidence, and the defendant's counsel duly excepted to the decision.

The depositions were then read in evidence to the jury, and the plaintiff's counsel thereupon rested the cause.

The defendant's counsel then moved for a nonsuit on various grounds, among others, on the ground that the plaintiff had accepted the cheese and not offered to return it, which motion was denied, and the defendant's counsel excepted to the decision.

The defendant having given evidence on his part, the cause was then submitted to the jury, who found for the plaintiff $390.47, for which judgment was entered, with costs. On appeal to the General Term in the fifth district, this judgment was affirmed, with costs, and the defendant appeals to this court.

*A. H. Prescott*, for the appellant, insisted the question to Hopkins as to whether he saw anything in the cellar or its surroundings, that rendered it improper or unfit place to store cheese, was inadmissible, and cited *Morehouse* v. *Mathews* (2 Comst., 514); *Dewitt* v. *Barley* (5 Seld., 371; S. C., 17 N. Y., 340); *Norman* v. *Wells* (17 Wend., 136, 161); *Lincoln* v. *S. & S. R. R.* (23 Wend., 425); *Mayor, &c.,* v. *Pentz* (24 id., 668); *Lamoure* v. *Caryl* (4 Den., 370); *Nellis* v. *McCarn* (35 Barb., 115); *Benkard* v. *Babcock* (27 How., 391.)

The plaintiff's agent having accepted the cheese and made no offer to return, he cannot now recover. (*Reed* v. *Randall*, 29 N. Y., 358.)

*S. & R. Earl*, on the question of evidence, cited *Smith* v. *Gugerty* (4 Barb., 614); *Wiggins* v. *Wallace* (19 Barb., 338); *Price* v. *Powell* (3 N. Y., 322); *Bears* v. *Copley* (10 N. Y., 93). On the question of the right to recover, they cited

*McKnight* v. *Dunlop* (5 N. Y., 537); *Sprague* v. *Blake* (20 Wend., 61); *Waring* v. *Mason* (18 Wend., 425); *Muller* v. *Eno* (4 N. Y., 597); *Wilber* v. *Cartright* (44 Barb., 536); *Reed* v. *Randall* (29 N. Y., 358); *Willard* v. *Merritt* (45 Barb., 295).

Daniels, J. The warranty which, under the evidence, the jury must have found, was made by the defendant, related to a present sale, and not to an executory contract for the future sale and delivery of cheese of a particular quality. The sale was of the defendant's dairy of cheese, which at that time consisted of an ascertained and identified collection of cheeses, and it was as to those, that the evidence tended to show the warranty was made. This circumstance distinguishes the present from those cases in which the actions were brought for the breach of executing contracts for the future sale and delivery of personal property. In the latter class of contracts, any articles of the quality contracted for will answer the requirements of the contracts. And for that reason, it has been held that the party receiving the property waives his right to insist that the article delivered is inferior in quality from that which by the terms of the agreement he was entitled to receive, where he accepts and retains the property. In the one instance, the seller agrees to deliver to the buyer articles of a particular quality in the performance of the contract, while in the other, the agreement is, that the particular article actually delivered possesses the quality stipulated for. The contract in the latter, relates to the specific thing delivered, forming the identical subject of the agreement. And if it proves to be unperformed, the right of the buyer to maintain an action upon it for the recovery of the damages sustained by the breach, is not lost by the circumstance that he may have received and retained the article sold. This is now very well settled law in the courts of this State. (*Muller* v. *Eno*, 14 N. Y., 597; *Gillespie* v. *Torrance*, 25 N. Y., 306; *Wilber* v. *Cartright*, 44 Barb., 536.)

It is also well settled, that the principal may maintain an

action upon a contract, made on his behalf by a duly authorized agent, though the fact, that this relation existed, may have been, at the time, unknown to the other contracting party.

The motion which was made, for a nonsuit, on these grounds, was therefore properly denied.

The commission, under which the depositions were taken, which were objected to and received in evidence upon the trial, is not contained in the case, and was not handed up with it; and it cannot, therefore, be determined whether each sheet of the depositions was or was not subscribed by the commissioner, as the statute requires. It must be assumed that they were, because there is nothing in the papers showing they were not, and the presumption of the law is in favor of the validity of the proceedings. The other objections to the depositions, are conceded by the respondent's brief, to have been well founded upon the papers. The first of these is, that the commission was addressed to William Ogle, and was returned executed by Williams Ogle. As there was nothing shown from which it could be supposed that the person executing it, was different from the one to whom it was directed, this objection was properly overruled. The names were so nearly alike, that it may well be presumed that they represented the same person. The second objection was, that the witnesses appeared to have been sworn, and the commission executed by the commissioner, under the description of himself, as an alderman. This was no reason for rejecting the depositions, because he could not act as alderman under the commission, without, at the same time, also, acting as the commissioner appointed by it. The term was a mere description of himself, which had no effect upon the legal capacity in which, for the time being, he was acting. He discharged the duties and exercised the authority conferred by the commission, and necessarily acted under it in doing so. It was of no consequence, therefore, what he was pleased to call himself while doing it. The third and remaining objection was, that the commission and depositions were returned, addressed to L. Enos Greene, instead of Zenos Greene. The

statute does not require the name of the clerk to be contained in the address. It simply requires that the commission and depositions shall be addressed to the clerk of the court, from which the commission issued, or to the clerk of the county, in which the venire in the action shall be laid, as the one or the other may be proper. There is no pretence that this was not done, and the fact that a wrong name was given to the clerk, furnished no ground for rejecting the evidence.

The answer to the question propounded to the witness, McCready, concerning the quality of the defendant's cheese, was properly excluded, because it did not relate to the cheese in controversy. The quality of the other cheese made by the defendant, was a subject entirely immaterial to the controversy then upon trial.

The plaintiff's witness, Hopkins, who was a dealer in cheese, described the cellar in which those purchased from the defendant were placed. He then stated that he had stored a good deal of cheese in cellars for several years. And he was thereupon asked, whether he saw anything in the condition of this cellar, or in its surroundings, that rendered it an improper and unfit place to put cheese in. This was objected to, on the ground that the witness could not give his opinion, but that he must state facts. The court permitted the witness to answer, and the defendant excepted. The witness answered that he did not.

This question did not require the witness to give his opinion upon the condition of the cellar, or whether it was a proper or suitable place for storing or keeping cheese, but it required him to testify to a matter of fact; and that was, whether he saw anything rendering it an unfit or improper place to keep cheese. That is, whether any circumstance fell under his observation, indicating that to be the case; not, whether it was or was not a proper place for that purpose, from the facts he had discovered.

The witness, as a dealer in cheese, may very well be presumed, as a matter of experience, to know what kind of a place was necessary for the proper preservation of cheese.

That was a peculiar kind of knowledge, depending upon the skill and experience of a person familiar with the business, and the circumstances from which cheese would be liable to injury. And his judgment, upon that subject, could properly be submitted, for the guidance and consideration of the jury. It was within the rule, permitting the judgment or opinion of a skillful witness to be given in evidence. (*Price* v. *Powell*, 3 Com., 323–3–6; *Dewitt* v. *Barley*, 5 Seld., 371, 375; *Moore* v. *Westervelt*, 27 N. Y., 234, 238; *Corn* v. *Rogers*, 7 Metcalf, 504.)

As no other reason is relied upon for the reversal of the judgment, it follows that it should be affirmed, with costs.

WOODRUFF, J. The claim by the appellant, that the action herein was barred by the plaintiff's acceptance of the cheese in question, or that he cannot recover because he did not return the cheese after he discovered the alleged defects cannot be sustained.

On an executory contract for the sale of goods to be of a specified or merchantable quality, and to be delivered at a future day, the acceptance of the goods and retaining them after a reasonable time and opportunity for examination, is held an admission of due performance by the seller, and a waiver of defects, if any there be, in the subject of a sale.

But on a sale and delivery of goods with an express warranty of the quality, the purchaser may rely upon the warranty. His acceptance is qualified by the warranty, and is to be construed with reference to it. And he is not only not bound to return the goods, but he has no right to return them, and the vendor is not bound to receive them. This distinction is recognized by Judge WRIGHT in the prevailing opinion, in *Reed* v. *Randall* (29 N. Y., 358). And the dissenting opinion of Judge HOGEBOOM enforces and illustrates it. The difference between the members of the court in that case was on the question, to which of the two classes of cases the one before the court properly belonged. Judge HOGEBOOM deemed it a sale with express warranty, and the major-

ity of the court deeming it an executory contract of sale of goods to be, of a specified or merchantable quality, but which on the delivery were accompanied by no express warranty.

The rule that defects that are obvious on mere inspection are not covered by a warranty, has no application to a case like the present.

Although, I greatly doubt, that upon the evidence in the case, I could have found that the defendant warranted the cheese, it is manifest that the jury found that he did; and it is to be assumed that they did so under correct instructions from the court that mere representations touching the condition and quality of goods sold such as are ordinarily employed by vendors "puffing" their articles on sale, do not constitute a warranty unless they are intended, received and acted upon as a warranty; and there was some evidence in support of a finding that such was the intention and understanding of the parties to this sale.

2. I think the objections to evidence are none of them such as call for a reversal.

The question put to the witness, Hopkins, whether he saw "anything in the condition of the cellar (in which he had for about eight days stored the cheese) or in its surroundings that rendered it an improper and unfit place to put it," did, I think, call for an opinion. But I think that on such a subject an opinion was competent. The witness was a man of experience in such matters; indeed it was not objected that the witness was not fully competent to speak, if the opinion of an expert was admissible. And surely, whether or not, a cellar examined by the witness is or is not a fit place in which temporarily to deposit cheese in transit to the market, is a question which no man inexperienced or untaught on this particular subject could answer; and if not, then the opinion of those who are accustomed to make, deal in, take care of, and keep cheese, must be resorted to for proof.

3. The question put by the defendant's counsel to the witness, McCready, was properly excluded. The question:

" Have you examined defendant's cheese frequently ?" was wholly vague in reference to the particular cheese examined, and to the times or occasions when, and even as to the year in which, and whether before or after this action was commenced. The defendant was a dairyman, and had manufactured cheese during other years, and other cheese than those sold during the year of the sale in question. The plaintiff's objection to the next inquiry, therefore, " How did you find it as to quality ?" that it was immaterial how on other occasions the witness found the defendant's cheese, was properly sustained. On direct examination the witness had testified to a particular examination of the cheese in controversy. He had been cross-examined upon that subject. These questions, therefore, probably related to other cheese, and were so understood and so ruled upon. The objection sufficiently pointed to the immateriality of any inquiry except into the quality of the cheese sold, and the ruling of the court was to be so construed, and must have been so understood. If the defendant, by his question, meant to inquire further touching any examination of the cheese sold, he was bound so to frame his question that such a purpose was apparent.

4. It is argued that the court erred in permitting certain depositions to be read in evidence on behalf of the plaintiff. No part of the depositions on the certificate of the commissioner appear in the printed case ; and although the case states that the papers pertaining to the commissioner are to be produced on the argument, they have not been submitted to our inspection.

One of the objections raised, and insisted upon in the brief of the appellant is, that each sheet of the depositions is not signed by the commissioner. The statute directs that the commissioners shall subscribe their names to each sheet of the depositions taken. (2 Rev. Stat., 394.) On the other hand, the brief of the respondent states that " each sheet of the depositions was signed by the commissioner."

The discrepancy between the name Williams Ogle and William Ogle, is quite too trivial to require discussion. And

the error in the superscription of the address to the clerk is wholly immaterial. It was addressed to the "clerk of Her kimer county," and he received it. The error in writing or attempting to write also his name, and in doing so writing, " S. Enos Greene" instead of Zenas Greene, is not of the slightest moment. So also of the addition of the title alderman to the name of the commissioner. No title was necessary so far as the regularity of the execution and return of the commissioner was concerned. Had he added, M. D., or justice of the peace, or any other title, he would have been none the less commissioner. Even if he deemed it safe to add that he held an official character in Philadelphia, which, in addition to our statute requirement that he administer the oath to the witness, also gave official sanction thereto under the laws of Pennsylvania, it could work no prejudice. I do not know that it was of any advantage, but clearly it was harmless.

As to all these objections, I am disposed to favor the suggestion in *Kimball* v. *Davis* (19 Wend., 437); *Zellwager* v. *Coffee* (5 Duer, 100); *Sheldon* v. *Wood* (2 Bosw., 280), that such purely formal defects, if they exist, should be made the basis of a motion to suppress the deposition; and, if necessary, time should be allowed for that purpose. But here I do not think that there was any error in admitting the deposition on either of the objections, as the case is now presented.

None of the other exceptions are argued by the appellant on this appeal. Some points are made which were not taken on the trial, and which therefore do not properly call for attention here.

The judgment must be affirmed.

All the judges concurring, judgment affirmed.