JOHN C. BROWN, RECEIVER, ETC., RESPONDENT, *v.* EDWARD J. BURHANS, APPELLANT.

*Warranty — when may exist with executory contract — Caveat emptor — when language only descriptive.*

A warranty may exist in the case of an executory contract, when the defect in the property is incapable of discovery at the time of delivery. In such case the purchaser may retain the property and sue upon the warranty; but if the defect is open, visible, and notorious at the time of delivery, the purchaser is bound to reject the articles and refuse to receive them as a compliance with the contract, or he will waive his right to damages.

*Parks* v. *The Morris Axe Company* (54 N. Y., 586) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The plaintiff brought the action as the receiver of the property of Varner D. Perry, to recover a balance claimed to be due Perry for pine lumber sold to defendant. The referee found that, in the fall of 1869, Perry delivered to defendant, in Roxbury, Delaware county, 12,000 feet of pine lumber, for which defendant paid him thirty-five dollars per thousand. This lumber was good; called first and second qualities. After the delivery of this quantity, Perry entered into another contract with defendant, by which he agreed to deliver to him, at Roxbury, 100,000 feet of pine lumber, at the price of thirty-five dollars per thousand feet. Perry agreed that this lumber should be as good as the 12,000 feet previously

delivered. That Perry, between November 1st, 1869, and July 1st, 1870, drew and delivered to defendant 116,000 besides the first 12,000. That defendant paid Perry for 100,292 feet of the lumber, at the rate of thirty-five dollars per thousand, and that 15,708 feet were not paid for. That the defendant received this amount and converted it to his own use. That the 100,292 feet which was paid for, was, a large portion of it, of the third and poorer quality, and the average value thereof was ten dollars less per thousand feet than if it had been of as good quality as the contract called for: as good as the first 12,000. That said defendant examined and found fault with the 100,292 feet of lumber during the time it was being delivered, and on several different occasions notified said Perry that the same did not conform to the contract, and that he would not receive the same ; refused to let Perry leave such lumber on his premises, and ordered him to take it away. That, at the time defendant paid the last installment on the 100,292, he notified Perry that he made it under protest, and would sue him for the damages sustained by him in consequence of the lumber's not being as good as Perry agreed to deliver. The referee also finds that the 15,708 feet were of the second, third and fourth qualities, and worth only about twenty dollars per thousand. That Perry claimed that the lumber cost thirty dollars per thousand at the mill, and all he wanted was five dollars per thousand for drawing it, when, in fact, it cost but twenty-six dollars per thousand, and that defendant knew this at the time he paid Perry.

The referee found, as conclusions of law, that defendant, having accepted and paid for 100,292 feet at the contract-price ; having had full opportunity to examine the same, and with full knowledge of its defects, and not having returned or offered to return the lumber, but having converted the same to his own use, was presumed, in law, to have acquiesced in its quality, and his right to recoup or counter-claim damages did not survive such acceptance. That defendant, having paid Perry for lumber at thirty-five dollars per thousand, with knowledge that it only cost him twenty-six dollars at the mill, was thereby estopped from recouping damages on account of any misrepresentations made by Perry in that particular. That there was no special bargain made as to price of 15,708 feet, and the defendant was, therefore, obliged to pay what it was actually worth.

*Gilbert & Maynard,* for the appellant. The vendee in an executory contract of sale, with warranty as to the quality of the article contracted for, upon receipt of the article and subsequent discovery of a breach, is not bound to return or offer to return the property, but may retain and use the same, and have his remedy upon the warranty. (*Day* v. *Pool,* 52 N. Y., 416.) Upon a sale of goods, to be delivered at a future day, with an express warranty as to quality, the right of action for a breach survives the receipt and use of the goods without notice of defects, or offer to return. (*Waring* v. *Mason,* 18 Wend., 425; *Voorhies* v. *Earl,* 2 Hill, 288; *Cary* v. *Graman,* 4 id., 625; *Burne* v. *Dodd,* 5 N. Y., 95; *Reed* v. *Randall,* 29 id., 358; *Foote* v. *Bentley,* 44 id., 166; *Muller* v. *Eno,* 14 id., 597; *Bennett* v. *Cook,* 45 id., 265.)

*George Adee,* for the respondent. "The defendant, having accepted and paid for 100,292 feet of pine lumber, at the contract-price, and having had full opportunity to examine the same, with a full knowledge of its defects, and not having returned, or offered to return said lumber, but having .converted the same to his own use, is presumed, in law, to have acquiesced in its quality, and his right to recoup or counter-claim damages does not survive such acceptance." This was a parol executory contract for the sale and delivery of 100,000 feet, or more, of pine lumber, at thirty-five dollars per thousand, and although, perhaps, void by the statute of frauds at its inception, yet it was rendered valid and binding upon the parties by a subsequent delivery and acceptance of the lumber. (1 Wait's Law and Practice, 472, and cases cited; *Sprague* v. *Blake,* 20 Wend., 61; *Flanagan* v. *Demarest,* 3 Rob., 173; *Warran* v. *Van Pelt,* 4 E. D. Smith, 202; *McKnight* v. *Dunlap,* 5 N. Y., 537.) In cases of executory contracts for the sale and delivery of personal property, the remedy of the vendee to recover damages, on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property by the vendee after opportunity to ascertain the defects, unless notice has been given to the vendor, or the vendee offers to return the property. (*Reed* v. *Randall,* 29 N. Y., 358; *Parks* v. *Morris Axe and Tool Co.,* 54 id., 586, 590; *Pomeroy* v. *Shaw,* 2 Daly, 267; *Fisher* v.

*Merwin*, 1 id., 234; *Rust* v. *Eckler*, 41 N. Y., 488; *Peterson* v. *Ayers*, 24 E. L. and E., 382; *Weaver* v. *Wisner*, 51 Barb., 638; *Leavenworth* v. *Packer*, 52 id., 132; *Fitch* v. *Carpenter*, 43 id., 40, per MILLER, J.; *Delafield* v. *DeGraw*, 9 Bosw., 1; S. C., 3 Keyes, 467; *Pike* v. *Nash*, 1 id., 335; *Fisher* v. *Samunda*, 1 Camp., 190; *Hopkins* v. *Appleby*, 1 Stark., 477.) A refusal to receive means never to receive, unless there should be a subsequent arrangement, or some understanding made between the vendor and vendee. (*Sprague* v. *Blake*, 20 Wend., 60, and cases cited; *Reed* v. *Randall*, 29 N. Y., 358, 365–367; *Hargons* v. *Stone*, 5 id., 73, 86; *Howard* v. *Hoey*, 23 Wend., 351; *Hart* v. *Wright*, 17 id., 277; S. C., 18 id., 449; 2 Kent's Com., 480; *Chanter* v. *Hopkins*, 4 Mees. & Welb. [Exch.], 399.)

BOARDMAN, J.:

I think the judgment should be affirmed. In my judgment there is no warranty. The language used in making the contract was simply descriptive. It would have been the same if Perry had said, I will sell you 100,000 feet of first and second quality of lumber, and delivered the same lumber in performance. In such a case, *Reed* v. *Randall** would control.

But if it can be said that there is a warranty, still a warranty does not apply to open and visible defects. The principle expressed in *Parks* v. *The Morris Axe Co.*† is, that a warranty may exist and be enforced in the case of an executory contract, when the defect in the property is incapable of discovery at the time of delivery. Under such circumstances, the purchaser may retain the property and sue upon the warranty. But if the defect is open, visible and notorious, at the time of delivery, the purchaser is bound to reject the articles, and refuse to receive them as a compliance with the contract, or he will waive his right to damages. If I sell a horse with warranty of soundness, he having one ear off, and the purchaser accepts him, seeing the defect, he cannot afterward sue for such defect, and recover damages therefor. So in this case, the purchaser received this lumber with full knowledge that it was inferior to that contracted for and paid for, and converted the same to his own use. The case last cited, and others of like

*29 N. Y., 358. †54 N. Y., 586.

import, all recognize a distinction between the acceptance of articles with latent defects, and those having open and visible defects. In the latter case, the purchaser should be estopped from claiming damages where he had accepted the property under a contract, with full knowledge of the facts. *

The referee does not find any warranty. The evidence does not establish a warranty. The defendant did not rely upon a warranty when he accepted the lumber, because he then knew the lumber was defective. Perry did not own the lumber when the contract was made. He bought it to make his profit by teaming. Under all these facts it would not be fair dealing to allow defendant to take the lumber and pay for it on the contract, and then maintain an action for damages upon a claim of warranty.

I think the judgment should be affirmed, with costs.

LEARNED, P. J., concurred.

Judgment affirmed.

* Schuyler v. Russ, 2 Caines, 203; Wilbur v. Cartright, 44 Barb., 536; Jennings v. Chenango Insurance Co., 2 Den., 79; Birdseye v. Frost, 34 Barb., 367; see also Rust v. Eckler, 41 N. Y., 488.