ROBERT NICHOLS, RESPONDENT, v. CHARLES TOWNSEND AND THOMAS GILCHRIST, APPELLANTS.

*Contract — evidence — when admissible to prove a breach of warranty, for the purpose of a recoupment of damages — but not for a rescission.*

The plaintiff sold defendants a quantity of potatoes; the defendants, after loading a part of them on their boat, refused to take the remainder. The plaintiff brought an action to recover the contract-price of all the potatoes sold. The defendants, upon the trial, offered to prove that the plaintiff represented, at the time of the sale, that the potatoes were good, merchantable and sound, and that they were then ignorant of their condition in that regard; that a large portion of them were unsound, and their actual condition was not discovered until they had loaded a quantity of them into their boat, and mixed them with others of good quality, when they immediately informed the plaintiff of that fact, offered to take such as were good, and offered to pay full contract-price for those taken, but the plaintiff insisted that if they took the good ones they must take all, and forbid the taking of any more unless they would take all. Whereupon the defendants took no more.

This evidence the court refused to receive, on the ground that the defendants could not rescind the contract in part, but *in toto*, which could only be done by returning the potatoes, or offering to return them. *Held*, that the refusal to

receive such evidence was erroneous. That even admitting that it was no ground for the defendants, as regarded a rescission of the contract and consequent discharge from liability for the potatoes not taken by them, still the evidence should have been admitted according to the offer, as a case would have been made out for the jury on the subject of the warranty; and whether the contract was one of present sale, or was executory, made no difference as to the defendants' rights upon the alleged breach of warranty, for if the defendants were held to answer for the purchase-price under the contract of sale, they could insist on the breach of warranty by way of recoupment of damages therefor, without return of, or offering to return, the potatoes taken.

APPEAL by the defendants from a judgment against them, rendered on the verdict of a jury.

The action was brought to recover for a quantity of potatoes, alleged to have been sold and delivered by the plaintiff to the defendants in November, 1874. The defense was: (1), a general denial; (2), a breach of warranty as to the condition and soundness of the potatoes; and (3), a non-joinder of a party defendant.

On the trial, the plaintiff proved the sale of the potatoes to the defendants, to wit: of $474\frac{40}{60}$ bushels at the agreed price of fifty cents per bushel, the potatoes then being on storage near the canal, ready for removal to market by boat; and that the defendants took and loaded on to their boat about 100 bushels of them, and refused to take the remainder.

The defendants then offered to prove that the plaintiff represented, at the time of the sale, that the potatoes were good, merchantable and sound; that they were then ignorant of their condition in that regard, and that their true condition could be ascertained only by cutting them; that a large portion of them were unsound, not merchantable, and worthless; that their actual condition was not discovered until they had loaded a quantity of them on to their boat, and thus mixed them with others of good quality, when they immediately informed plaintiff of the facts; offered to take such as were sound and merchantable; and, further, offered to pay full contract-price for those taken. But the plaintiff informed them that if they took the good ones they must take all; and forbid the taking of any more unless they would take all. This closed the matter, and the defendant took no more.

To such offer of proof the plaintiff objected, on the ground that the defendant could not rescind the contract in part, but must

rescind *in toto*, if at all, which could only be done by returning the property received under the contract, or offering to return it.

The court sustained the objection, and overruled the offer, to which ruling the defendants' counsel excepted.

Thereupon the court directed a verdict for the plaintiff for $241.74, the full contract-price; and judgment was entered therefor, with costs.

From such judgment the defendants appealed to the General Term.

*James C. Rogers* and *Robert Armstrong, Jr.*, for the plaintiff.

*A. D. Wait*, for the defendants.

BOCKES, J.:

No question on the pleadings can be here raised, as the ruling was put on the law applicable to the facts offered to be proved. Besides, as the case is here presented, an amendment of the answer would be allowed, if necessary, to meet the merits of the case on the offer of proof. This would be but to conform the pleading to the facts.

The question before the court is one of law purely: Whether the facts stated in the offer present a defense to the action in whole or in part. The offer, in substance, was to prove a warranty, on the sale, as to the condition and quality of the property ; a breach of such warranty, and resulting damages — that is, the defendants offered to recoup damages growing out of a breach of warranty. The offer may have been intended to go further, so as to make it a case for rescinding the contract *in toto;* but, if good as a recoupment, the evidence offered could not be rejected, for in that case the defense would have been good in part. Let it be admitted that the sale became an executed one by reason of the taking of part of the potatoes by the defendants, so that the plaintiff had a right of action for property sold and delivered, and the right of the former to damages for a breach of warranty remained to them. If it was an executed contract the defendants had no right to rescind. This was so held in *Rust* v. *Eckler* (41 N. Y., 488). It was there held that, on an executed present sale of an article, with warranty as to quality, it was neither necessary nor allowable to rescind the sale and return the property sold on account of a breach of warranty ;

*but the right to damages for the breach of warranty remained to the vendee.* To the same effect is the decision in each of the following cases: *Muller* v. *Eno* (14 N. Y., 597); *Gillespie* v. *Torrance* (25 id., 306). The rejection of the proof offered in the case at bar, and the holding of the defendants to payment of the full purchase-price, were based, doubtless, on the decision in *Reed* v. *Randall* (29 N. Y., 358) and other kindred cases. It was there held that the acceptance of the property and its retention by the vendee amounted to an admission, on his part, that the contract had been performed by the vendor; hence that the former could not insist on a breach of warranty on the sale. But this decision was based on the assumption that the acceptance and retention of the property were with knowledge, on the part of the vendee, of the defect complained of, or that its acceptance was under circumstances which bound him to such knowledge. This case has been repeatedly commented on and explained; and it has been held that, in many instances, where the contract is executory, even the vendee may receive the property and hold his claim for a breach of warranty, without returning or offering to return it. It was so decided in *Day* v. *Pool* (52 N. Y., 416). In this case the defect was discovered by the vendees while the property was being delivered, yet it was held that they might retain and use it, and have their remedy upon the warranty. So in *Parks* v. *Morris Ax and Tool Co.* (54 N. Y., 586), it was held that where there was a warranty of property as to its intrinsic quality, not determinable by mere observation or inspection, the vendee could, after receiving it, have his remedy on the warranty, without making return of it or offering to return it; and further, that a return or its equivalent offer, was only necessary where a rescission was sought. In this case the decision in *Reed* v. *Randall* (*supra*), was remarked upon and explained. Again, in *Dounce* v. *Dow* (57 N. Y., 16), it was held that the vendee, where there was a warranty, was not bound, upon the receipt of the property, to apply tests before using it, but that if there were defects, not open and visible, and thereafter discovered, which amounted to a breach of the warranty, he had his remedy thereon. Here, again, *Reed* v. *Randall* was commented on, and explained. And again, in *Gurney* v. *The Atlantic and Great Western R. W. Co.* (58 N. Y., 358),

the decision was in accordance with the last two cases cited. All four of the cases alluded to were cases of executory contracts. Now in the case at bar, the warranty, according to the offer of proof, was as to the intrinsic quality of the property contracted for by the defendants, not discoverable by mere observation or inspection; therefore, whether the contract was one of present sale or was executory, made no difference as to the defendant's rights upon the alleged breach of warranty. If held to answer for the purchase-price under the contract of sale, the defendants could insist on the breach of warranty, by way of recoupment of damages therefor, without returning or offering to return the property. If these considerations be sound, and it seems they are fully sustained by the Court of Appeals, the rejection of the evidence offered and the directing of judgment for the plaintiff for the full amount of the purchase-price, was erroneous. Had the evidence been given according to the offer, a case would have been made out for the jury on the subject of warranty, even admitting that there was no ground for the claim insisted on by the defendants as regards a rescission and consequent discharge of liability for the part not taken by them.

In this view, that is, holding the defendants bound to answer for the contract-price, the same as on a sale and delivery, with the right of recoupment for breach of warranty, it can make no difference that they saw fit to leave a part of the property in the storehouse unremoved. If lost it would be their loss, but their right of recoupment would remain the same.

The above considerations present the best possible view for the plaintiff that can be taken of the case, under the offer of proof made by the defendants, and this necessarily leads to a reversal of the judgment.

An examination of the case on the question, whether the facts contained in the offer would establish a case for a rescission of the contract as regards the potatoes not taken by the defendants, here becomes unnecessary. There must be a new trial, and this question may not arise on the facts then disclosed.

Judgment reversed, new trial ordered, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Ordered accordingly.