causes aforesaid." The contract therefore explicitly contemplated a situation such as has here arisen, and the intention of the parties as evidenced by the agreement evidently was that the time clause affected plaintiff alone, and that he might be absolved therefrom to the extent and in the manner provided in the contract. So, too, with respect to any claim that may be made upon the theory of extra work. The contract in article 9 expressly provides that the sum of $1,000, which it was agreed shall be the maximum cost to the defendant "of all labor and material," was to "include the cost of all changes and alterations of said work that may be required by the architect"; and it is difficult to understand how a recovery may be had for extra work upon the facts presented. There is no allegation nor any proof that the architects had the authority to order alterations which would affect the price fixed in the contract. The architects were the agents "for the purposes of the contract," but not for the purpose of making additional contracts upon which claims for extra work must necessarily rest. If it be argued that the extra work imposed was unreasonable and unfair, then it may be answered that there is no allegation in the complaint which would permit of a finding that the contract did not contemplate the number and kind of alterations in plans that the architects made. For the reasons stated, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

## BILLSON v. HALL & GRANT CONST. CO.

(Supreme Court, Appellate Term.   May 5, 1904.)

1. SALES—WARRANTY—BREACH—SURVIVAL OF ACCEPTANCE—OFFER TO RETURN.

Where a warranty attends an executed present sale, the right to damages for breach of the warranty survives the acceptance of the thing sold, and an offer to return on account of the breach is neither necessary nor permissible.

Appeal from City Court of New York, Trial Term.

Action by Charles J. Billson against the Hall & Grant Construction Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

John Larkin (Alexander S. Andrews, of counsel), for appellant.
Charles Lex Brooke, for respondent.

LEVENTRITT, J. The action was for the unpaid balance of the purchase price of certain electric machinery. The defense was breach of an express warranty, the plaintiff having warranted in writing that the engine was a 90 kilowatt engine. The defendant claimed that it had a power of only 50 kilowatts. At the conclusion of the evidence both sides moved for a direction, and thereupon the court directed a verdict in favor of the plaintiff. No reasons were stated, and it is quite likely, from an erroneous ruling as to important evidence, that

the court may have been improperly influenced, and decided the issues on an erroneous theory. The president of the defendant was asked on cross-examination,. "You never offered to return this machine to the plaintiff, did you?" Objection was made on the ground of immateriality and irrelevancy. The objection was overruled, an exception taken, and the witness answered, "No, sir." This testimony should have been excluded. The warranty as to quality in this case attended an executed present sale of the machine, and an offer to return was neither necessary nor allowable on account of the breach of warranty. The right to damages survived acceptance. The acceptance is qualified by the warranty, and is to be construed in reference to it. Rust v. Eckler, 41 N. Y. 488; Nichols v. Townsend, 7 Hun, 375. Having admitted it, thus deeming it material, we cannot say but that the court directed the verdict on the theory that the defendant had not offered to return the machine after discovery of the breach.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.